[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO STRIKE
The defendant Summerville Healthcare Group, Inc. (Summerville), moves to strike counts three and four of the revised amended complaint dated October 2, 2001. This action arises out of the plaintiffs' father's disappearance from the Sarah Pierce Assisted Living facility on or about July 5, 1999. This defendant allegedly managed the facility.
In its motion, Summerville claims that count three which sounds in outrageous conduct is legally insufficient as no such cause of action is recognized in Connecticut. Along with their response to the motion, the plaintiffs filed a withdrawal of count three. Accordingly, the court does not address the legal sufficiency of count three.
The remaining ground of the motion attacks the legal sufficiency of count four, which sounds in negligent infliction of emotional distress. The revised amended complaint alleges the defendant was negligent in assessing and admitting the plaintiffs' father, in failing to provide adequate security and in failing to allow a licensed physician to provide it with relevant neurological records. Count four alleges that as a result of that negligence, the plaintiff's father has been missing since July 5, 1999, and the plaintiffs have suffered extreme emotional distress and psychological injury, including depression and anxiety. The defendant argues that this count fails under Clohessy v. Bachelor, 237 Conn. 31
(1996), because the plaintiffs' action does not meet the criteria for bystander emotional distress.
A motion to strike challenges the legal sufficiency of a pleading. P.B. § 10-39. "Like the demurrer it admits all facts well pleaded."Mingachos v. CBS, Inc., 196 Conn. 91, 108 (1985). Further, the facts as pleaded in the complaint must be construed most favorably towards the plaintiff. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170
(1988). Accordingly, if the facts provable under the allegations support a cause of action, the motion must fail.
In Clohessy v. Bachelor, supra, the court first adopted a cause of CT Page 15941-hq action for bystander emotional distress, using a rule of reasonable foreseeability with certain limitations. In order to recover damages under this cause of action, a plaintiff must satisfy four conditions:
 (1) he or she is closely related to the injury victim, such as the parent or the sibling of the victim; (2) the emotional injury of the bystander is caused by the contemporaneous sensory perception of the event or conduct that causes the injury, or by arriving on the scene soon thereafter and before substantial change has occurred in the victim's condition or location; (3) the injury of the victim must be substantial, resulting in his or her death or serious physical injury; and (4) the bystander's emotional injury must be serious, beyond that which would be anticipated in a disinterested witness and which is not the result of an abnormal response.
Id., 56.
The revised amended complaint contains sufficient allegations as to the first, third and fourth conditions. The plaintiffs are the sons of the victim; the injury suffered by the victim is certainly serious, since it appears likely based on the allegations that he is dead; and the plaintiffs' psychological injuries are serious but not abnormal, since the disappearance of their father led to an extensive search that proved fruitless. It is the second condition that has not been met here. The complaint contains no allegation that the plaintiffs were present to witness the event or conduct that led to their father's disappearance. Further, under the peculiar and unfortunate circumstances of this case there could be no allegations that the plaintiffs arrived soon after the event to view their father's condition.
Because the court agrees with the defendant in applying Clohessy to strike the fourth count, it need not address the defendant's alternative argument under Maloney v. Cunningham, 208 Conn. 392 (1988), and the plaintiffs' response that the complaint does not sound in medical malpractice. The fourth count is legally insufficient.
For the above reasons the motion to strike count four is granted.
DiPentima, J.